# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Benjamin Jackson Baldwin, Respondent.

Appellate Case No. 2014-002459

Opinion No. 27471
Submitted November 20, 2014 – Filed December 23, 2014

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Mark Weston Hardee, Esquire, of The Hardee Law Firm, of Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of nine (9) months to three (3) years or disbarment with conditions.  Respondent requests the suspension or disbarment be imposed retroactively to October 28, 2013, the date of his interim suspension.  In the Matter of Baldwin, 406 S.C. 214, 750 S.E.2d 92 (2013).  We accept the Agreement and disbar respondent from the practice of law in this state with conditions as set forth hereafter in this opinion.  The disbarment shall be imposed retroactively to the date of respondent's interim suspension.  The facts, as set forth in the Agreement, are as follows.

## Facts

### Background

In November 2009, respondent was admitted to the South Carolina Bar. In June 2011, respondent became employed with Law Firm as an associate with a salary of $24,000 per year. In August 2012, respondent's compensation structure changed to a "commission only" arrangement in which he received 50% of the fees he generated above a monthly amount for overhead.

Respondent worked alone in a satellite office and was permitted to accept cases and set fees with relative autonomy. Law Firm utilized an electronic practice management system in which respondent would create a memo for each new case that would be transmitted to a staff member who would, in turn, create an electronic client file. When respondent received fees from clients, he would physically deliver those payments to Law Firm's main office, where staff would process the deposits.

### Matter I

During 2012 and 2013, respondent converted approximately $4,000.00 in client fee payments to his own use by two methods. One method involved accepting fees from new clients (in the form of cash or a money order or check payable to respondent), then using those fees for personal use rather than delivering the fees to Law Firm. Respondent covered this diversion of fees from Law Firm by handling client cases without creating an opening memo or an electronic case file. The other method involved accepting cash payment from Law Firm clients and delivering part of the funds to the firm and converting the remainder to his own use. Respondent covered this diversion of fees by altering documents to reflect a fee of an amount less than what the client actually paid. Law Firm discovered respondent's misappropriation, terminated his employment, and filed a disciplinary complaint.

### Matter II

In addition to reporting this matter to the Commission on Lawyer Conduct (the Commission), Law Firm filed a police report. Respondent was arrested and charged with breach of trust with fraudulent intent over $2,000.00 but under $10,000.00. On July 29, 2014, respondent pled guilty to breach of trust with

fraudulent intent under $2,000.00.  He was sentenced to time served and restitution which he has paid.

## Matter III

Respondent represented Client A in defense of an action brought by Client A's mother.  Client A paid respondent $1,500.00 for the representation.  Respondent delivered the funds to Law Firm and opened the electronic case file in accordance with Law Firm policies.

Respondent prevailed in the action for Client A which resulted in a court order requiring Client A's mother to pay Client A $500.00 in attorney's fees and $174.26 in travel expenses.  On May 30, 2013, Client A's mother delivered the $674.26 to respondent.  Respondent converted those funds to his own use.  On June 7, 2013, respondent delivered a personal check in the amount of $174.26 to Client A as reimbursement for his travel expenses.  Respondent represents that, on August 6, 2013, he mailed a check to Client A for $500.00 for attorney's fees, but that check was never cashed.  Shortly after respondent's termination, Law Firm paid Client A from its operating account.  After his interim suspension, respondent delivered $500.00 to the Receiver appointed to protect his clients' interests and those funds were refunded to Law Firm.

## **Law**

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.15 (upon receiving funds in which client or third person has interest, lawyer shall promptly notify client or third person and shall promptly deliver to client or third person any funds client or third person is entitled to receive); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that adversely reflects upon lawyer's honesty, trustworthiness, or fitness as lawyer in other respects); Rule 8.4 (d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(5) (it shall be ground for discipline for

lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law) .

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to October 28, 2013, the date of his interim suspension. In the Matter of Baldwin, supra. In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion. Respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School prior to filing any petition for readmission. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**